## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-CV-00122-TCB |
| | ) | |
| $447.00 IN UNITED STATES CURRENCY, | ) | |
| *Et.al.,* | ) | |
| Defendants, | ) | |
| | ) | |
| WAYNE J. HAWKINS, | ) | |
| CATHERINE V. HAWKINS, and | ) | |
| HAWK INNOVATIVE TECH, LLC, | ) | |
| Claimants. | ) | |

## ANSWER

Wayne J. Hawkins, Catherine V. Hawkins, and Hawk Innovative Tech, LLC ("Claimants")

answer the Complaint as follows:

1.  Claimants admit that this is a civil forfeiture action against Defendant Property but deny

    that the Defendant Property is subject to forfeiture.

2.  Claimants admit the allegations in Paragraph 2 generally but lack sufficient information to

    admit or deny account numbers or amounts because Plaintiff seized Claimants' records.

3.  Claimants admit the allegations in Paragraph 3 generally but lack sufficient information to

    admit or deny amounts because Plaintiff seized Claimants' records.

4.  Claimants admit the allegations in Paragraph 4 generally but lack sufficient information to

    admit or deny account numbers or amounts because Plaintiff seized Claimants' records.

5. Claimants admit the allegations in Paragraph 5 generally but lack sufficient information to admit or deny account numbers or amounts because Plaintiff seized Claimants' records.

6. Admitted that funds were seized and that a single warrant was issued. Claimants lack sufficient information to admit or deny that multiple warrants were issued or that property was seized pursuant to those warrants.

7. Admitted.

8. Admitted that Attachment A lists some of the property seized from Claimants, but Claimants lack sufficient information to admit or deny that Attachment A is complete or accurate.

9. Claimants lack sufficient information to admit or deny.

10. Claimants lack sufficient information to admit or deny.

11. Claimants lack sufficient information to admit or deny.

12. Claimants lack sufficient information to admit or deny.

13. Admitted.

14. Claimants lack sufficient information to admit or deny because Plaintiff has not identified the "acts or omissions giving rise to the forfeiture" as required by 28 U.S.C. § 1355(b)(1)(A).

15. Claimants lack sufficient information to admit or deny because Plaintiff has failed to identify the "acts or omissions giving rise to the forfeiture."

16. Denied.

17. Denied.

18. Denied as worded.

19. Admitted.

20. Denied.

21. Denied as worded.

22. Admitted.

23. Denied.

24. Admitted.

25. Admitted.

26. Denied.

27. Denied.

28. Denied

29. Admitted

30. Admitted

31. Admitted

32. Admitted

33. Admitted

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied as worded.

43. Denied.

44. Claimants lack sufficient information to admit or deny.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

All allegations not explicitly admitted are denied.

**Affirmative Defenses**

1.  Plaintiff has failed to comply with the requirements for civil forfeitures.

2. Plaintiff has failed to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

**Jury Demand**

Claimants demand a jury trial.

**Dismissal and Costs**

Claimants request that this case be dismissed and that they be awarded the costs of their claim, including reasonable attorney's fees.

/s/ John R. Monroe

_____

John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, Ga  30534
Ga. State Bar No. 516193
678-362-7650
jrm@johnmonroelaw.com

ATTORNEYS FOR CLAIMANTS