IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>$447.00 IN UNITED STATES CURRENCY; $9,474.00 IN UNITED STATES CURRENCY; $250.00 IN UNITED STATES CURRENCY; $400.00 IN UNITED STATES CURRENCY; $3,016.15 IN FUNDS SEIZED FROM CAPITAL ONE BANK ACCOUNT NUMBER XXXXXX9229, HELD IN THE NAME OF WAYNE J. HAWKINS; $10,337.39 IN FUNDS SEIZED FROM SYNOVUS BANK ACCOUNT NUMBER XXX3501, HELD IN THE NAME OF CATHERINE V. HAWKINS AND WAYNE J. HAWKINS; $29,283.89 IN FUNDS SEIZED FROM SYNOVUS BANK ACCOUNT NUMBER XXX9993, HELD IN THE NAME OF CATHERINE V. HAWKINS AND WAYNE J. HAWKINS; $92,192.01 IN FUNDS SEIZED FROM REGIONS BANK ACCOUNT NUMBER XXXXX7651, HELD IN THE NAME OF HAWK INNOVATIVE TECH LLC; $101,304.41 IN FUNDS SEIZED FROM GEORGIA'S OWN CREDIT UNION ACCOUNT | CIVIL ACTION NO.:<br>3:21-CV-00122-TCB |

NUMBER XXXX4037, HELD IN THE NAME OF CATHERINE V. HAWKINS AND WAYNE J. HAWKINS; $48,177.33 IN FUNDS SEIZED FROM GEORGIA'S OWN CREDIT UNION ACCOUNT NUMBER XXXX4135, HELD IN THE NAME OF CATHERINE V. HAWKINS AND WAYNE J. HAWKINS; AND VARIOUS PRECIOUS METALS , BARS AND COINS DESCRIBED IN ATTACHMENT A,

DEFENDANTS.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO CLAIMANTS' MOTION FOR RECONSIDERATION**

Comes now, Plaintiff, the United States of America, and files its Response in Opposition to Claimants' Motion for Reconsideration. For the reasons set forth below, the government respectfully requests that this Court deny Claimant's motion.

## I. FACTUAL BACKGROUND

On July 30, 2021, Plaintiff filed the Complaint for Forfeiture in this case against assorted United States currency, funds, and precious metals, bars and coins ("the Defendant Property"). [Doc. 1]. The complaint alleges that Wayne Hawkins, through his company Hawk Innovative Tech LLC, and others, violated

2

various laws, including by illegally selling firearm silencers and firearm silencer parts and by engaging in mail and wire fraud. [Doc. 1].  The complaint further alleges that the Defendant Property is forfeitable because it constitutes or is derived from proceeds traceable to mail fraud, wire fraud and smuggling, and is involved in money laundering.  [Doc. 1].   The Complaint was verified by ATF Special Agent James Nash under penalty of perjury.

As alleged in the complaint, the Defendant Property was seized on April 14, 2021, by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") pursuant to valid warrants which were issued by a United States Magistrate Judge in this district.  [Doc. 1; ¶6].   In fact, one such warrant specifically authorized the seizure of currency, bank checks, cashier's checks, negotiable financial instruments, wire transfer documentation, money orders, stocks, bond, precious metals, and real estate records.  Similarly, another paragraph of that same warrant authorized the seizure of "[p]recious metals such as gold, silver, and platinum and derivatives of such metals such as coins, bars, collectables, and art that are suspect to have been obtained as proceeds from the illegal sale of firearms, including but not limited to silencers."

On August 13, 2021, Wayne J. Hawkins, Catherine V. Hawkins, and Hawk Innovative Tech, LLC (collectively, "the Claimants") filed a Verified Claim asserting an interest in the Defendant Property, as well as an Answer to Plaintiff's complaint. [Docs. 13-14]. On August 26, 2021, Plaintiff filed its Motion to Stay Proceedings [Doc. 21]. Shortly thereafter, the Court granted the stay after determining that there was good cause for such action. [Doc. 22].

**ARGUMENT AND CITATION TO AUTHORITY**

I. **This Court Should Deny Claimants' Motion for Reconsideration**

a. **Standard of Review**

Claimants have failed to articulate a persuasive reason for granting their motion for reconsideration. Federal Rule of Civil Procedure 60 sets forth the applicable parameters for granting relief from a court order. In subsection (b), that rule provides that a court may relieve a party from an order for limited reasons, which include fraud, newly discovered evidence or excusable neglect. And although a district court has discretion to reconsider, revise, alter, or amend a previous order, this is "an extraordinary remedy which should be used sparingly." 11 Wright & Miller, *Federal Practice and Procedure* § 2810.1; *see also United States ex rel. TVA v. 8.56 Acres of Land*, 324 F.R.D. 267, 275 (N.D. Ga. 2017) ("[i]n the interests

of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. [Cit.]")

There are three major grounds that justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *8.56 Acres of Land*, 324 F.R.D. at 275. This Court's Local Rule acknowledges the limited nature of this remedy by providing that motions for reconsideration shall not be filed as a matter of routine practice. *See* LR 7.2(E), NDGa.

Claimants have not argued for, or demonstrated, that any of the limited situations permitting the granting of motions for reconsideration apply here. Accordingly, this Court should deny the motion.

**b. The Court Appropriately Stayed This Case**

As the government argued its Motion to Stay, [Doc. 21], pursuant to 18 U.S.C. § 981(g)(1), this Court **must** stay a civil forfeiture action upon motion of the United States "if the court determines that civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). Section 981(g)(1) "does not require a particularized showing of prejudice or specific

harm; rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation." *United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1183 (C.D. Cal. 2011).

Claimants' contention that there is "no evidence of a criminal investigation" [Doc. 23-3] is incorrect. In fact, Claimants tacitly acknowledge the existence of the investigation in their assertion that the government "raided" their house with dozens of agents on April 14, 2021. And on that date, they received a copy of the search warrant, which authorized federal law enforcement agents to search for "evidence of a crime," "fruits of crime," and "property designed for use, intended for use, or used in committing a crime," with respect to a dozen different enumerated criminal violations. Those circumstances, combined with the written assurance of the undersigned Assistant United States Attorney, sufficiently evince the existence of an active criminal investigation. No rule or statute necessitates the filing of an affidavit on that point and Claimants have cited no legal authority in support of their contrary position.

It is indisputable that the ongoing criminal investigation involving Claimants arises from the same facts and circumstances and involves the same persons as this civil action. Because of this fact, this civil action will interfere

with the ongoing criminal investigation. *See One Assortment of 73 Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005) (granting joint motion for stay of civil forfeiture proceedings and finding that "civil discovery will, in all likelihood, adversely affect the ability for the Government to conduct the related criminal investigation because it will subject the Government's criminal investigation to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding.")

In like manner, Claimants' exhortation that "the Government should be held to some period of time and not be allowed to have an open-ended investigation" is misplaced. The applicable criminal statutes of limitations regarding these criminal violations ensure that the government cannot maintain its investigation forever. There is no risk of the government "keeping [the Defendant] Property indefinitely." But, if this Court is concerned that the investigation might continue for a prolonged period, it can direct the government to notify the Court when the investigation has concluded or to submit periodic status reports. Lifting the stay or curtailing its duration is not necessary and would not be proper.

### c. Staying this Case was Appropriate and Within the Court's Broad Discretion to Manage its Docket

Claimants argue that the Court should have allowed them time to respond to the government's motion and that the failure to do so was erroneous. But district courts have broad discretion in applying and enforcing local rules. *See Rosenbaum v. Becker & Poliakoff, P.A.*, 2010 WL 11505517 (S.D. Fla. 2010) ("district court enjoys wide discretion in applying and enforcing its own local rules.") This broad discretion permitted this Court to determine whether a response to the government's motion to stay was necessary for it to adjudicate the issue. And nothing in the local rules divests a district court of its discretion to rule on a motion without waiting for a response where such a response is not necessary to aid the court in making its decision. Moreover, in their motion, Claimants have failed to articulate any compelling arguments against the requested stay—showing that the Court's choice to act on the motion quickly was appropriate. In sum, the Court was well within its discretion to adjudicate the Motion to Stay Proceedings without considering the Claimants' potential response.

### d. Claimants' additional arguments lack merit

The Claimants make various factual misrepresentations and incorrect legal arguments. First, Claimants misdescribe the Defendant Property. In contrast to

the representation that the Defendant Property includes "approximately $400,000 in currency and financial accounts," the government's actual seizure of currency here totaled less than $295,000.

Similarly, although Claimants contend that the Defendant Property represents the Hawkins' "life savings," the verified complaint sets forth that Hawk Innovative Tech's unlawful firearm silencer business generated approximately $2.9 million of revenue in less than four years. Thus, the seized funds are merely a fraction of the criminal proceeds.

Likewise, the argument that the Government seized Hawkins' tools which he used to earn a living fails. Again, as set forth in the verified complaint, Hawkins was making his living by perpetrating a plethora of federal crimes. Furthermore, the Defendant Property was seized pursuant to federal search and seizure warrants only after a federal magistrate judge found probable cause to believe those allegations to be true.

**II.     The Government is Not Required to Return the Property**

In the middle of their motion, Claimants proclaim in conclusory fashion that the Government must return the Defendant Property because it allegedly failed to provide the notice required by 18 U. S. C. § 983(a)(1)(A)(i), which

pertains to nonjudicial forfeiture proceedings. Claimants make no effort to connect that assertion to their arguments for granting reconsideration or lifting the stay. Regardless, Claimants' proposition is incorrect as a matter of law. Even assuming arguendo that notice under § 983(a)(1)(A)(i) was not provided within the period required, the government maintained the ability to commence a civil judicial forfeiture proceeding. 18 U.S.C. § 983(a)(1)(F). The government commenced such a proceeding on July 30, 2021, and this Court's contemporaneous issuance of arrest warrants in rem authorized the government's continued possession of the Defendant Property. The government was not required to return the Defendant Property prior to filing its complaint, *see United States v. $114,031.00 in U.S. Currency*, No. 06-21820-CIV, 2007 WL 2904154, at *3 (S.D. Fla. Oct. 4, 2007), *aff'd*, 284 F. App'x 754 (11th Cir. 2008), and it certainly is not required to do so now that its complaint has been filed.

## CONCLUSION

Because Claimants have failed to meet the heavy burden to show they are entitled to the extraordinary relief requested, their Motion for Reconsideration should be denied.

Respectfully submitted,

Kurt R. Erskine
Acting United States Attorney

/s/ Cynthia B. Smith
CYNTHIA B. SMITH
Assistant United States Attorney
Georgia Bar No. 655473
600 United States Courthouse
75 Ted Turner Dr., S.W.
Atlanta, Georgia 30303
404-581-6219
cynthia.smith2@usdoj.gov

**CERTIFICATE OF COMPLIANCE AND SERVICE**

I certify that this document was prepared using Book Antiqua 13-point font, and that I have caused a copy of the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system.

This 17th of September, 2021.

/s/Cynthia B. Smith
*Assistant United States Attorney*