IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>$447.00 IN UNITED STATES CURRENCY; $9,474.00 IN UNITED STATES CURRENCY; $250.00 IN UNITED STATES CURRENCY; $400.00 IN UNITED STATES CURRENCY; $3,016.15 IN FUNDS SEIZED FROM CAPITAL ONE BANK ACCOUNT NUMBER XXXXXX9229, held in the name of Wayne J. Hawkins; $10,337.39 IN FUNDS SEIZED FROM SYNOVUS BANK ACCOUNT NUMBER XXX3501, held in the name of Catherine V. Hawkins and Wayne J. Hawkins; $29,283.89 IN FUNDS SEIZED FROM SYNOVUS BANK ACCOUNT NUMBER XXX9993, held in the name of Catherine V. Hawkins and Wayne J. Hawkins; $92,192.01 IN FUNDS SEIZED FROM REGIONS BANK ACCOUNT NUMBER XXXXX7651, held in the name of | CIVIL ACTION FILE<br><br>NO. 3:21-cv-122-TCB |

Hawk Innovative Tech LLC; $101,304.41 IN FUNDS SEIZED FROM GEORGIA'S OWN CREDIT UNION ACCOUNT NUMBER XXXX4037, held in the name of Catherine V. Hawkins and Wayne J. Hawkins; $48,177.33 IN FUNDS SEIZED FROM GEORGIA'S OWN CREDIT UNION ACCOUNT NUMBER XXXX4135, held in the name of Catherine V. Hawkins and Wayne J. Hawkins; and VARIOUS PRECIOUS METALS AND BARS DESCRIBED IN ATTACHMENT A,

        Defendants.

# **O R D E R**

This case comes before the Court on Claimants Wayne J. Hawkins, Catherine V. Hawkins, and Hawk Innovative Tech, LLC's motion [23] for reconsideration of this Court's order [22] granting Plaintiff United States of America's motion to stay the proceedings.

On August 26, 2021, the Government moved to stay this civil forfeiture action until the conclusion of the criminal investigation and

resulting prosecution. For good cause shown, the Court granted the stay the same day.

Claimants move for reconsideration, arguing that the Court should have given them an opportunity to respond to the motion to stay. They also contend that a stay is inappropriate because the Government is required to return the property and because it has not provided evidence of an ongoing criminal investigation. Finally, Claimants argue that any stay should be limited to discovery because they have other, unspecified legal issues in this case that will need to be resolved.

The civil forfeiture complaint alleges that Claimant Wayne Hawkins and others violated various laws, including by illegally selling firearm silencers and silencer parts and by engaging in mail and wire fraud. It further alleges that the Defendant property is proceeds traceable to the fraud and smuggling and is involved in money laundering. The Defendant property was seized by ATF agents pursuant to valid warrants.

Under 18 U.S.C. § 981(g)(1), this Court shall stay a civil forfeiture action upon motion of the United States "if the court determines that

civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

As the Government articulated in its motion to stay, Claimants have emailed the Government discovery requests seeking information regarding the complaint's allegations and related documentation, including the sealed warrant application. The ongoing criminal investigation referenced in the complaint arises from the same facts and circumstances and involves the same persons as this civil action.

Accordingly, the Court finds that there will be an adverse impact on the criminal investigation if discovery in this case is permitted to proceed. *See, e.g.*, *United States v. Funds, In Amount of $1,699,675.00 (U.S.)*, No. 1:13-cv-21459, 2014 WL 687553, at *3 (S.D. Fla. Jan. 16, 2014) (where answers to discovery requests would "undermine and prejudice the criminal prosecution," explaining that such discovery issues are "typically sufficient to justify the stay of a civil forfeiture case" (citations omitted)).

After consideration of Claimants' arguments, the Court denies their motion [23] for reconsideration. The Government is directed to notify the Court when the criminal investigation has concluded.

IT IS SO ORDERED this 8th day of October, 2021.

_____
Timothy C. Batten, Sr.
Chief United States District Judge