IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>$447.00 IN UNITED STATES CURRENCY; $9,474.00 IN UNITED STATES CURRENCY; $250.00 IN UNITED STATES CURRENCY; $400.00 IN UNITED STATES CURRENCY; $3,016.15 IN FUNDS SEIZED FROM CAPITAL ONE BANK ACCOUNT NUMBER XXXXXX9229, HELD IN THE NAME OF WAYNE J. HAWKINS; $10,337.39 IN FUNDS SEIZED FROM SYNOVUS BANK ACCOUNT NUMBER XXX3501, HELD IN THE NAME OF CATHERINE V. HAWKINS AND WAYNE J. HAWKINS; $29,283.89 IN FUNDS SEIZED FROM SYNOVUS BANK ACCOUNT NUMBER XXX9993, HELD IN THE NAME OF CATHERINE V. HAWKINS AND WAYNE J. HAWKINS; $92,192.01 IN FUNDS SEIZED FROM REGIONS BANK ACCOUNT NUMBER XXXXX7651, HELD IN THE NAME OF HAWK INNOVATIVE TECH LLC; $101,304.41 IN FUNDS SEIZED FROM GEORGIA'S OWN CREDIT UNION ACCOUNT NUMBER XXXX4037, HELD IN THE | CIVIL ACTION NO.:<br>3:21-CV-00122-TCB |

| | |
|---|---|
| NAME OF CATHERINE V. HAWKINS AND WAYNE J. HAWKINS; $48,177.33 IN FUNDS SEIZED FROM GEORGIA'S OWN CREDIT UNION ACCOUNT NUMBER XXXX4135, HELD IN THE NAME OF CATHERINE V. HAWKINS AND WAYNE J. HAWKINS; AND VARIOUS PRECIOUS METALS, BARS AND COINS DESCRIBED IN ATTACHMENT A, | |
| DEFENDANTS. | |

## UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO CLAIMANTS' MOTION TO LIFT STAY

The United States of America, by and through the United States Attorney's Office for the Northern District of Georgia, hereby files its response in opposition to the Motion to Lift Stay filed by Claimants Wayne Hawkins, Catherine Hawkins, and Hawk Innovative Tech, LLC ("the Claimants"). [Doc. 26]. For the following reasons, the Government respectfully requests that this Court deny Claimants' motion, which is misleading and inaccurate. The stay, which is presently in place, is necessary because of the ongoing criminal investigation and it should remain in effect until the conclusion of the criminal investigation and resulting prosecution. In support of this response, the United States is submitting the *ex parte* declaration of James Nash, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and

Explosives ("ATF"), as provided for in "appropriate cases" by 18 U.S.C. §981(g)(5).

## I.  Relevant Factual Background and Procedural History

As set forth in the United States' original motion to stay, on July 30, 2021, the United States filed this civil forfeiture action against the Defendant Properties alleging that they constitute or are derived from proceeds traceable to violations of 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 545 (smuggling) and that they are involved in money laundering transactions. In short, the Complaint alleges that Wayne Hawkins, through his company Hawk Innovative Tech LLC, illegally sold firearm silencers and firearm silencer parts. and that the Defendant Properties were traceable or involved with the criminality. [Doc. 1].

On August 26, 2021, the United States filed its Motion to Stay Proceedings until "the conclusion of the related ongoing criminal investigation and prosecution, or at least for 120 days." [Doc. 21]. The Court granted the stay the same day. [Doc. 22]. On September 3, 2021, Claimants filed a Motion for Reconsideration [Doc. 23], which the United States opposed. [Doc. 24]. The Court denied Claimants' Motion and directed the United States to notify the Court when the criminal investigation concluded. [Doc. 25].

As detailed in the *ex parte* declaration of Special Agent Nash, this action and the ongoing criminal investigation have common facts and common parties and involve similar criminal violations. Among other things, the declaration shows that Claimants are the targets of the criminal investigation which is based on the same facts alleged in the civil forfeiture complaint.

## II. Argument and Citation to Authority

### A. 18 U.S.C. § 981 Requires Stay

The Court's August 26, 2021 order staying this case was based on good cause. [Doc. 22]. In its Motion to Stay, the United States argued that continuing with civil discovery in this case would compromise the criminal investigation because it would allow Claimants to obtain evidence and information concerning the investigation that would otherwise be unavailable to them in the criminal case. The Government also argued that civil discovery would prejudice the United States' own ability to conduct discovery because of the potential that claimants would invoke their right against self-incrimination in response to the United States' discovery requests. [Doc. 21, pp. 5-7]. The compelling reasons which necessitated a stay in May 2021 continue to require that the stay remain in effect.

Under the explicit terms of the stay provisions found in 18 U. S. C. § 981 (g)(1), a court is required to stay an action when it determines that civil discovery may adversely affect the Government's ability to conduct a related criminal investigation or the prosecution of a related criminal case. Here, there is an ongoing related criminal investigation which is related to this action so as to mandate a stay under section 981(g). As set forth above, there are substantial similarities between this action and the related investigation. The provisions of 18 U.S.C. § 981(g)(1) contemplated this exact situation-- in which civil discovery would negatively impact the Government's ability to conduct a related investigation--and instructed courts to stay the civil action. See *United States v. GAF Fin. Servs.*, 335 F. Supp. 2d 1371, 1371 (S.D. Fla. 2004); *United States v. All funds deposited in account no. 2000008524845*, 162 F. Supp. 2d 1325,1332 (D. Wyo. 2001).

If this civil action were to proceed right now, the Government's criminal investigation would be subjected "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding." *United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005). Case agents would be burdened "by compromising prospective witnesses and other evidence now being gathered by the Government in preparation for

criminal prosecutions in connection with the underlying facts of this case."
*United States v. Currency $716,502.44*, No. 08-CV-11475, 2008 WL 5158291, *4 (E.D. Mich. Dec. 5, 2008).  Finally, because Claimants remain the targets of a federal criminal investigation, the burden on their Fifth Amendment rights against self-incrimination remains.

### B.  Claimant's Arguments Are Erroneous

Claimants' arguments in support of its motion are misplaced.  First, contrary to Claimants' representations, in its original motion the Government did not limit its stay request to 120 days.  Instead, the g requested an indefinite stay---or, in the alternative, a stay of 120 days at which time the Government would request an additional period for the stay.

Claimants' second argument is similarly flawed.  Contrary to Claimant's arguments, the Government is not required to return the Defendant Properties.  And, in asserting this argument, Claimants attempt to raise the ultimate substantive issue of the forfeitability of the Defendant Properties. Doing so in the context of the instant motion is improper.

Claimants' third contention---that there is "no evidence" of a criminal investigation—is patently false.  As Claimants are well aware, on or about April 14, 2021, agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives

6

("ATF") executed a federal search warrant, issued by a United States Magistrate Judge in the Northern District of Georgia, at the residence of Wayne Hawkins at 1400 Indian Creek Road, Bowdon, Georgia. On the same date, pursuant to federal seizure warrants also issued by a United States Magistrate Judge in the Northern District of Georgia, ATF agents seized various the Defendant Properties at issue in this suit. During the April 14 search and seizures, the ATF agents amassed a vast amount of data which they continue to analyze. And, as detailed in the *ex parte* submission, the agents have continued to obtain and review evidence in the criminal investigation.

Moreover, Claimants' counsel is well aware of the current criminal investigation. In fact, on March 29, 2022, Assistant United States Attorney Theodore Hertzberg emailed defense counsel to advise them that the criminal investigation was ongoing. AUSA Hertzberg explained to counsel that the agents were continuing to analyze the enormous amount of data seized during the search of the Hawkins's property and asked for an appropriate point of contact when criminal charges are filed.

## Conclusion

For the foregoing reasons, the Court should deny Claimants' Motion to Lift Stay.

Respectfully submitted,

R㎅AN K. B㎁CHANAN
United States Attorney

/s/C㏌THIA B. S㎅ITH
    CYNTHIA B. SMITH
    Assistant United States Attorney
    Georgia Bar No. 655473
    600 U.S. Courthouse
    75 Ted Turner Drive SW
    Atlanta, GA 30303
    Telephone: (404) 581-6000
    Cynthia.Smith2@usdoj.gov

**Certificate Of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing Response in Opposition to Claimants' Motion to Lift Stay has been prepared in compliance with Local Rule 5.1, NDGa., using Book Antiqua, 13-point font.

                                                /s/CYNTHIA B. SMITH
                                                    *Assistant United States Attorney*

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF System, which automatically notifies the parties and counsel of record.

> John R. Monroe
> John Monroe Law, P.C.
> 156 Robert Jones Road
> Dawsonville, Ga 30534
> jrm@johnmonroelaw.com

May 16, 2022

                         /s/ Cynthia B. Smith
                         Cynthia B. Smith
                         *Assistant United States Attorney*