IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>$447.00 IN UNITED STATES CURRENCY; $9,474.00 IN UNITED STATES CURRENCY; $250.00 IN UNITED STATES CURRENCY; $400.00 IN UNITED STATES CURRENCY; $3,016.15 IN FUNDS SEIZED FROM CAPITAL ONE BANK ACCOUNT NUMBER XXXXXX9229, held in the name of Wayne J. Hawkins; $10,337.39 IN FUNDS SEIZED FROM SYNOVUS BANK ACCOUNT NUMBER XXX3501, held in the name of Catherine V. Hawkins and Wayne J. Hawkins; $29,283.89 IN FUNDS SEIZED FROM SYNOVUS BANK ACCOUNT NUMBER XXX9993, held in the name of Catherine V. Hawkins and Wayne J. Hawkins; $92,192.01 IN FUNDS SEIZED FROM REGIONS BANK ACCOUNT NUMBER XXXXX7651, held in the name of | CIVIL ACTION FILE<br><br>NO. 3:21-cv-122-TCB |

Hawk Innovative Tech LLC; $101,304.41 IN FUNDS SEIZED FROM GEORGIA'S OWN CREDIT UNION ACCOUNT NUMBER XXXX4037, held in the name of Catherine V. Hawkins and Wayne J. Hawkins; $48,177.33 IN FUNDS SEIZED FROM GEORGIA'S OWN CREDIT UNION ACCOUNT NUMBER XXXX4135, held in the name of Catherine V. Hawkins and Wayne J. Hawkins; and VARIOUS PRECIOUS METALS AND BARS DESCRIBED IN ATTACHMENT A,

Defendants.

# **O R D E R**

This case comes before the Court on Claimants Wayne J. Hawkins, Catherine V. Hawkins, and Hawk Innovative Tech, LLC's motion [26] to lift stay.

On August 26, 2021, the Government moved to stay this civil forfeiture action, citing the related ongoing criminal investigation. The Court granted the stay for good cause. Claimants moved for reconsideration, raising four arguments: (1) the Court should have

given them an opportunity to respond; (2) under 18 U.S.C. § 983(a)(1), the Government is required to return the property; (3) there is no evidence of a criminal investigation; and (4) the terms of the stay are overbroad. The Court denied the motion, finding that there will be an adverse impact on the criminal investigation if discovery in this case is permitted to proceed. 18 U.S.C. § 981(g)(1); *see, e.g.*, *United States v. Funds, In Amount of $1,699,675.00 (U.S.)*, No. 1:13-cv-21459, 2014 WL 687553, at *3 (S.D. Fla. Jan. 16, 2014).

Claimants now move to lift the stay, raising only one new argument in support: that in its motion to stay proceedings, the Government asked for at least 120 days to complete its criminal investigation, and it has been well over 120 days.

This argument is misleading. In its motion to stay, the Government asked the Court to "stay this proceeding until the conclusion of the criminal investigation and resulting prosecution, if any, or alternately at least for 120 days." [21-1] at 7. The Court granted the stay, and when denying Claimant's motion for reconsideration, it

directed the Government to notify the Court when the criminal investigation concluded. The stay was not limited to 120 days.

Claimants' remaining arguments have already been considered and rejected by the Court when it denied their motion for reconsideration.

The Court reiterates its determination that allowing this action to proceed would interfere with the ongoing criminal investigation and finds that the stay should remain in place until the conclusion of the investigation and resulting prosecution. Accordingly, the motion [26] to lift stay is hereby denied.

IT IS SO ORDERED this 31st day of May, 2022.

_____
Timothy C. Batten, Sr.
Chief United States District Judge